# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>vs.<br><br>KENDRICK BUTLER,<br><br>  Defendant. | No. CR 08-0072-MWB<br><br>**OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR HEARING ON AND TRANSFER OF GARNISHMENT ACTION** |

_____

This case is before me on defendant Butler's April 6, 2018, filing, which has now been properly docketed as a Motion For Hearing On Claims Of Garnishment & To Be Transferred To Central District Of Illinois Where Petitioner Is Held Captive. The United States filed its Response to that Motion on November 19, 2018.

In an Amended Judgment, filed October 31, 2011, I sentenced Butler to 65 months on six counts of bank fraud, to be served concurrently with each other and consecutively to his sentence in Cook County, Illinois, Case No. 07-CR-1241801, and I ordered Butler to pay $12,982.00 in restitution. Subsequently, on April 27, 2015, I denied without prejudice Butler's *pro se* motion to stay restitution, because a challenge to restitution payments under his Inmate Financial Responsibility Program (IFRP) must be filed under 28 U.S.C. § 2241 in the district of incarceration, which was in Illinois, not Iowa. On February 20, 2018, on the application of the United States, the Clerk of Court for the Northern District of Iowa issued a Writ of Continuing Garnishment to Stateville Correctional Center (SCC) in Illinois against the property of Butler on the $9,937.04 balance on the restitution judgment against him as of October 19, 2017. Stateville Correctional Center filed no Answer to the Writ of Continuing Garnishment. On April

3, 2018, on a second application by the United States, the Clerk of Court for the Northern District of Iowa issued a Writ of Continuing Garnishment to Pontiac Correctional Center (PCC) in Illinois against property of Butler on the $9,937.04 balance on the restitution judgment against him as of October 19, 2017. PCC filed no Answer to the Writ of Continuing Garnishment. Next, on July 20, 2018, on another application by the United States, the Clerk of Court for the Northern District of Iowa issued a Writ of Continuing Garnishment to Elite Paralegal And Prisoner Services against property of Butler on the $9,881.04 balance on the restitution judgment against him as of May 17, 2018. On August 2, 2018, Elite Paralegal And Prisoner Services filed an Answer, stating that it did not have custody, control, or possession of any property in which Butler maintained an interest, that it did not anticipate owing Butler any amounts in the future, and that it was not indebted or under any liability to Butler.

On April 6, 2018, between the filing of the Writs of Continuing Garnishment to PCC and Elite Paralegal And Prisoner Services, Butler filed the Motion now before me. Unfortunately, that Motion was originally docketed as Objections related to the Writ Of Continuing Garnishment to PCC, so that it did not come to the court's attention for any action. It came to my attention on November 1, 2018, with the filing of a Notice of the Order of the United States District Court for the Central District of Illinois, Peoria Division, in *Butler v. United States*, No. 1:17-CV-01548-MMM. That Order denied Butler's § 2241 Petition and "terminated" that case. That Order also stated, among other things, "The Petitioner is now entitled to obtain a ruling on his pending motion before the Northern District of Iowa requesting a hearing on the merits of the writ imposed upon him or a transfer of venue to this Court." *Butler v. United States*, No. 1:17-CV-01548-MMM, Order at 4. On November 5, 2018, I filed an Order directing the Clerk of Court to correct the docket to reflect that the document filed by Butler on April 6, 2018, is a "Motion For Hearing On Claims Of Garnishment And To Transfer to the Central District

Of Illinois," and giving the prosecution to and including November 19, 2018, within which to file a response to Butler's April 6, 2018, Motion.

In his Motion, post-marked April 2, 2018, and received by the Clerk of Court on April 5, 2018, Butler asserts, among other things, that he "only received the United States Attorney for the Northern District of Iowa Garnishment Application on or about March 28, 2018, & had no clue to its order as of Oct. 9, 2017, [sic] when it was filed with the courts"; that he can demonstrate that he is exempt from any order of restitution that is imposed under 11 U.S.C. § 523(a)(13); that he "would like to have an informal hearing to demonstrate exemption law," at which he would like representation; and that he "would like for all matters of the court hearing to be transferred to where he's being held captive," that is, the Central District of Illinois. In its Response, filed pursuant to my November 5, 2018, Order clarifying the docket in this matter, the United States explains that it "became aware" in February of 2018 that Butler was to receive a monetary settlement that may be subject to garnishment, so it began pursuing Writs of Continuing Garnishment. The United States asserts that the request for a hearing is moot, because the United States is no longer pursuing the writ of garnishment to which Butler's Motion pertains, which the United States contends is the SCC garnishment, or either of the subsequent garnishments, and that transfer should be denied, because Butler has not shown the required hardship.

As the United States points out, the filing of an answer by the garnishee under 28 U.S.C. § 3206(c)(4) triggers 28 U.S.C. § 3206(c)(5), which authorizes the judgment debtor (or the United States) to request a hearing within 20 days of the filing of the answer. However, Butler's Motion could only have been in response to the Writ of Continuing Garnishment to SCC or, possibly, the Writ of Continuing Garnishment to PCC, but neither SCC nor PCC filed an answer, so no request for a hearing was authorized on those Writs of Continuing Garnishment. Furthermore, the United States

3

represents that it also has not found any assets belonging to Butler from any of the three Writs of Continuing Garnishment, so that there is no issue to be addressed in any hearing. I agree with the United States that, under these circumstances, Butler's current request for a hearing is moot.

As the United States also points out, 28 U.S.C. § 3004(b)(2), a provision of the Federal Debt Collection Procedures Act (FDCPA), does require transfer of the action or proceeding in which the writ, order, or judgment was issued to the district where the debtor resides, if the debtor requests such a transfer within 20 days after receiving notice. On the other hand, in *United States v. Barber*, No. CR 01-3064-MWB, 2018 WL 485936 (N.D. Iowa Jan. 19, 2018), I concluded that "the mandatory transfer provision of the FDCPA is inconsistent with the [Mandatory Victim Restitution Act (MVRA)], because the MVRA grants continuing jurisdiction to the sentencing court over its restitution order." 2018 WL 485936, at *2. I also recognized that "hardship" might require a transfer, but that the defendant in that case had relied only on increased expenses, which I concluded did not demonstrate the necessary "hardship." *Id.* Here, I reiterate that transfer of Butler's garnishment proceedings to the Central District of Illinois is not mandatory, because the garnishment is based on an order of restitution. Furthermore, Butler has not demonstrated the necessary "hardship" that might otherwise require transfer, based only on his assertions that transfer is appropriate so that "any & all matters would not be complicated by distance, travel, or any other form of delay." Because Butler is incarcerated, any proceedings would likely involve telephonic appearances, which are not complicated by distance, travel, or delay. Furthermore, while Butler contends that transfer is appropriate, because the Northern District of Iowa has no custody over him, it is clear that this court retains jurisdiction over the restitution order. *Barber*, 2018 WL 485936, at *2.

THEREFORE, defendant Butler's April 6, 2018, Motion For Hearing On Claims Of Garnishment & To Be Transferred To Central District Of Illinois Where Petitioner Is Held Captive is

1. **denied as moot** with regard to his request for a hearing, but *without prejudice* to a request for a hearing in the future if the circumstances identified in 28 U.S.C. § 3206(c)(4) and 28 U.S.C. § 3206(c)(5) are met; and

2. **denied** as to the request for a transfer of any proceedings on garnishment.

**IT IS SO ORDERED**.

**DATED** this 3rd day of December, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA